| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| *versus* | §    CASE NO. 9:22-CR-16 |
| | § |
| CHARLES HAWKINS | § |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Charles Hawkins's ("Hawkins") *pro se* Motion for Extension of Time to File his Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. 2255 (#42).

On June 28, 2022, Hawkins pleaded guilty to possession with intent to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 841. On November 10, 2022, Hawkins was sentenced to 210 months' imprisonment, to be followed by a 5-year term of supervised release. Hawkins appealed his sentence, and on August 15, 2023, the United States Court for the Fifth Circuit dismissed his appeal as frivolous. In the instant motion, Hawkins asks the court to grant him a 90-day extension to file a § 2255 petition. Hawkins explains that his computer access in the prison law library is limited to two-hour intervals. His motion does not present any specific grounds for relief under § 2255.

Hawkins's request for an extension of time to file a petition for a writ of habeas corpus does not present a case or controversy. *See Juidice v. Vail*, 430 U.S. 327, 331 (1977) (presenting a justiciable case or controversy is a jurisdictional requirement which the court has an obligation to examine *sua sponte*) (citation omitted); *United States v. Asakevich*, 810 F.3d 418, 421 (6th Cir. 2016) (collecting cases). "[A] federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed." *United States v. McFarland*, 125 F. App'x 573,

574 (5th Cir. 2005) (quoting *United States v. Leon*, 203 F.3d 162, 163 (2d Cir. 2000)); *accord Asakevich*, 810 F.3d at 421; *Chairez v. United States*, No. 3:20-CR-495-M(1), 2023 WL 6850588, at *2 (N.D. Tex. Sept. 15, 2023) ("Section 2255 does not authorize federal courts to prospectively extend, stop or toll the one-year statute of limitations."), *adopted by* No. 3:20-CR-495-M(1), 2023 WL 6850010 (N.D. Tex. Oct. 17, 2023). Because, to date, Hawkins has not filed a petition for a writ of habeas corpus, any opinion this court were to render on the timeliness issue would be "merely advisory." *McFarland*, 125 F. App'x at 574; *see Asakevich*, 810 F.3d at 420 ("Federal courts do not lightly grant relief in non-existent cases. Still less do they offer advisory opinions about what they might do if an action were filed."). Thus, the court lacks jurisdiction either to grant or deny Hawkins's request for an extension of time to file his petition. *See Chairez*, 2023 WL 6850588, at *2; *Davis v. United States*, No. 3:15-CR-00094-O-2, 2022 WL 17834541, at *2 (N.D. Tex. Dec. 20, 2022).

Accordingly, Hawkins's *pro se* Motion for Extension of Time to File his Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. 2255 (#42) is dismissed without prejudice for lack of jurisdiction.

SIGNED at Beaumont, Texas, this 16th day of July, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE